```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 10-61185-CIV-ZLOCH
```

MARY LITHGOW, an individual
CLIFTON LITHGOW, an individual
on behalf of themselves,

    Plaintiffs,

vs.                            **PRELIMINARY APPROVAL ORDER**
                                **OF CLASS ACTION SETTLEMENT**

EISINGER, BROWN, LEWIS
FRANKEL, CHAIET & KRUT, P.A.
a Florida professional association,

    Defendant.
_____/

      THIS MATTER is before the Court upon the Parties' Joint Motion To Certify Class (DE 14) and the Parties' Joint Motion For Preliminary Approval Of Class Action Settlement (DE 19). The Court has carefully reviewed said Agreed Motion and the entire court file and is otherwise fully advised in the premises.

      Accordingly, after due consideration, it is

      **ORDERED AND ADJUDGED** that the Parties' Joint Motion To Certify Class (DE 14) and the Parties' Joint Motion For Preliminary Approval Of Class Action Settlement (DE 19) be and the same are hereby **GRANTED** as follows:

      1. <u>Definitions.</u> For the purposes of this Order, the Court adopts by reference the definitions set forth in the Class Action Settlement Agreement (DE 19-1).

2.  <u>Preliminary Approval.</u>  The Court preliminarily approves the Settlement of the Action set forth in the Agreement as being fair, reasonable, and adequate to the Parties.  Specifically, this Court finds that: 1) based on Defendant's representations of a combined net worth of less than $1,600,000.00 and given the circumstances of this case, settlement of this case with the payment by Defendant of $11,200.00 to a Class Fund is fair and reasonable; 2) Plaintiffs may apply for payment of an incentive in the amount of $500.00 to $1,500.00 paid out of the Class Fund. Defendant takes no position as to whether the incentive payment to the Class Representatives is appropriate.  The Court will withhold approval until the fairness hearing to be held in this matter; 3) The Class Fund, after payment of a Court approved incentive payment to Plaintiff, is to be divided on a pro rata basis among those class members who timely submit claim forms; 4) payment to the Class Representatives, Mary Lithgow, of $1,000.00 and to Clifton Lithgow of $1,000.00 for damages, is fair and reasonable; and 5) a separate payment will be made to Settlement Class Counsel of fees and costs, subject to Court approval, which will not be taken from any recovery to the Settlement Class.  The Parties are in the process of negotiating the attorney fees to be paid to settlement class counsel.  If the Parties are unable to reach an agreement, the issue of the amount of attorney fees to be paid to settlement class counsel will be submitted to the

Court for a determination of the fair and reasonable amount to be paid for the services provided by Settlement Class Counsel in this case and continuing until all questions of the Settlement Class have been answered and a Final Approval Order is entered.

Affidavits in support of these fees and costs based upon the Settlement Class Counsel's current hourly rates will be attached to the papers submitted in support of final approval of the settlement by the Court.  To the extent that there are any funds from un-cashed, expired settlement checks, an amount equal to the amount of such uncashed checks will be paid over as a cy pres award to Class Counsel to be distributed to Broward County Legal Aid.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached.  In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

The following class is hereby certified for settlement purposes:

> All consumers who, according to the records of Defendants, (i) had addresses in the State of Florida, (ii) to whom letters in the same or substantially similar form as DE 1-3 were sent, (iii) an attempt to collect a debt which according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family, or household purposes, or (iv) which were not returned undelivered by the U.S. Post Office, and (v) during the one year period prior to filing the Complaint in this action (to-wit: from July 9, 2009 through the date of class certification).

3. <u>Fairness Hearing.</u>  A Fairness Hearing will be held on <u>March 17, 2011</u>, at <u>9:30 a.m.</u> at which the Court will finally determine whether the Settlement of the Action, should be finally approved as fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered.  The Court may adjourn or continue the Fairness Hearing without further notice to the Settlement Class.

4. <u>Form and Content of Notice.</u>  The Court approves, as to form and content, for distribution to potential members of the Settlement Class the Notice Of Class Action And Proposed Settlement Of Class Action (DE 19-2).

5. <u>Mailed Notice.</u>  No later than 14 days after the date upon which the Court enters the Preliminary Approval Order, Defendant's counsel must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable

4

without manual reentry. No later than 30 days after the date upon which the Court enters the Preliminary Approval Order, the Settlement Administrator shall mail the Notice (DE 19-2) by first class mail to Settlement Class members with Accessible Contact Information. The Settlement Administrator shall file with the Court and serve upon Settlement Class Counsel no later than 5 business days before the Fairness Hearing an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

6. <u>Best Practicable Notice.</u> The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

7. <u>Request for Exclusion.</u> Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective the request for exclusion must make clear that exclusion is sought by checking the appropriate

box on the claim or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN LITHGOW V. EISINGER, BROWN, LEWIS & FRANKEL, P.A."  The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person.  The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's Counsel and to Class Counsel no later than 5 business days before the Settlement Hearing.  Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. <u>Objections.</u>  Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than 14 days before the Fairness Hearing.  Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel with the written notice of request for exclusion.  Class Counsel and Defendant's Counsel may, but need not, respond to the objection, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5

business days prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice (DE 19-2). Only Settlement Class members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

9. <u>Defendant's Denial of Liability,</u> The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

10. <u>Stay of Discovery and Litigation.</u>  All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. <u>Injunction.</u>  The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from institution, or prosecuting any action, or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

12. <u>Extension of Deadlines.</u>  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

13. <u>Deadline for Opt-Outs.</u>  To be legally effective, all request for exclusion described in paragraph 7, above, must be received on or before March 3, 2011.  All Change of Address forms must be received by the same date.

14. <u>Deadline for Objections.</u>  Class Member Objections, as described in paragraph 8 above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court, as directed in the Notice, on or before March 3, 2011.  Objections not filed and served in a timely manner shall be deemed waived.

15. <u>Deadline for Submitting Claim Forms.</u>  Class members who wish to receive their cash recovery in accordance with the Settlement Agreement must send in a claim form, which must be received by the Settlement Administrator on or before March 3, 2011.

16. To the extent not otherwise disposed of herein, all pending motions be and the same are hereby **DENIED** as moot.

17. The Clerk of the Court be and same is hereby **DIRECTED** to close the above-styled cause for statistical purposes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___9th___ day of December, 2010.

                                                WILLIAM J. ZLOCH
                                               United States District Judge

Copies furnished:

All Counsel of Record