```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 10-61185-CIV-ZLOCH
```

MARY LITHGOW, an individual
CLIFTON LITHGOW, an individual
on behalf of themselves,

    Plaintiffs,

vs.                                  **FINAL ORDER OF DISMISSAL**

EISINGER, BROWN, LEWIS
FRANKEL, CHAIET & KRUT, P.A.
A Florida professional association,

    Defendant.
_____/

THIS MATTER is before the Court following the Fairness Hearing held on March 17, 2011, wherein Plaintiffs, Mary Lithgow and Clifton Lithgow, and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant Eisinger, Brown, Lewis, Frankel, Chaiet & Krut, P.A. ("Defendant") jointly made an ore tenus Motion For Final Approval Of The Class Action Settlement Agreement. The Court notes that it preliminarily approved the Class Action Settlement Agreement (the "Settlement Agreement") (DE 19-1) on December 9, 2010. See DE 20. Based upon the Parties' prior submissions and statements by counsel at the Fairness Hearing, the Court finds that:

    A.    The total number of Class Members is 2,531.

B. Notice was sent by first class mail to 2,531 persons at their last known mailing address using Accessible Contact Information.

C. The United States Postal Service returned 229 Notices to the Settlement Administrator, First Class, Inc., as undeliverable. First Class, Inc. forwarded 28 returned Notices to forwarding addresses provided by the United States Postal Service.

D. No Class Members have pending objections to the Settlement.

E. From a total of 2,531 Class members, one (1) class member chose to opt-out of the Settlement. The identity of that Class Member is known to counsel.

F. As of the close of business on March 17, 2011, a total of 278 Class Members returned a claim for a *pro rata* cash payment from the Class Fund and one individual opted out of the class. All claim forms received after March 17, 2011, will be denied receipt of any payment and their individual claims will be barred. Each Class Member will receive $40.20.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Parties <u>ore</u> <u>tenus</u> Motion For Final Approval Of The Class Action Settlement Agreement (DE 19-1) be and the same is hereby **GRANTED** as follows:

1. <u>Definitions.</u>  For the purposes of this Order, the Court adopts by reference the definitions set forth in the Class Action Settlement Agreement (DE 19-1).

2. <u>Notice.</u>  The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order Of Class Action Settlement (DE 20), constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval.</u>  The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

    A.  The Parties are directed to implement the Settlement Agreement in accordance with its terms.  Payment of $1,000.00 shall be made to Mary Lithgow and $1,000.00 to Clifton Lithgow.  The balance of $11,200.00 settlement funds are to be paid on a *pro rata* basis to all Class Members who returned claim forms no later than March 16, 2011.  Any fund unclaimed 90 days

after funds have been sent must be paid over as a *cy pres* award to be distributed to Broward County Legal Aid.

  B. Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Settlement Class under the Settlement Agreement, the above-styled cause, including all claims contained therein, and all Released Claims against Released Parties contained therein, be and the same are hereby **DISMISSED** with prejudice.

  C. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

  D. As of March 17, 2011, wherein the Court approved the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined in Paragraph 1.19.

 Further, the Class Representative and all Class Members (and the successors and assigns of an of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Defendant, the Defendant's Related Parties or Defendant's Counsel (MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN), and its employees, partners and associates, either

directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's attempts to collect debts from the Class Representative or Class Members, during the period of July 10, 2009 through December 13, 2010.

   E. Nothing herein shall alter, amend, or terminate the right of Defendant and its clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, or any debt.  Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class members or any other person or entity.  Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant.

  4. <u>Injunction.</u>  The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting

5

any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendant's Denial of Liability.</u>  The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever.  Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction.</u>  The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant.  Without affecting the finality of this Order, the Court reserves exclusive and continuing jurisdiction with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of this Order.

7. <u>Reasonable Attorney's Fees</u>.  The Parties having agreed as to the amount of attorney's fees and costs to be awarded to Class counsel in support of final approval, the Court awards to

Class Counsel attorney's fees and costs in the total amount of $7,000.00.

8.  <u>Timing of Payments or Consideration.</u>  No later than 14 days after this Order becomes final as defined by paragraph 1.9 of the Class Action Settlement Agreement and Release, (1) settlement checks shall be distributed to all class members who have returned a claim form no later than March 17, 2011; (2) Defendant shall pay $1,000.00 to Mary Lithgow, and $1,000.00 to Clifton Lithgow; and (3) Defendant shall pay $7,000.00 to Class Counsel for attorney's fees and costs.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above-styled cause be and the same is hereby **DISMISSED** with prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   24th   day of June, 2011.

*[signature]*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

7